S. Glaser & Sons, Inc. v. Commissioner.
S. Glaser & Sons v. Commissioner
Docket No. 2897.
United States Tax Court
1944 Tax Ct. Memo LEXIS 240; 3 T.C.M. (CCH) 611; T.C.M. (RIA) 44170; May 22, 1944
*240 Held, that an instrument denominated "non-cumulative 8 per cent debenture bond" was an evidence of indebtedness and not a certificate of stock. William Surosky, Esq., for the petitioner. Francis X. Gallagher, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion The respondent determined deficiencies of $832.06 and $79.13 in the petitioner's income and declared value excess-profits taxes, respectively, for the fiscal year ended April 30, 1941. The sole issue is whether a certain instrument issued by the petitioner is a bond or certificate of stock and hence whether or not the payments thereon were interest and deductible from income. Findings of Fact The facts were stipulated and as so stipulated are adopted as findings of fact. The pertinent portions thereof are as follows: The petitioner is a New Jersey corporation, with its principal office in Hoboken, New Jersey. It filed its income tax return for the taxable period with the collector of internal revenue for the fifth district of New Jersey. The stockholders of the petitioner and the amount of shares held by each from April 30, 1940 to April 30, 1943 were as follows: Samuel Glaser
60 shares
Joseph S. Glaser
40 shares
Jacob Glaser
30 shares
Meyer Glaser
20 shares
*241 The petitioner issued an instrument called a "Debenture Bond" in the following form: "STATE OF NEW JERSEY
"No. $500.00 "S. Glaser & Sons, Inc. "Non-Cumulative 8% Debenture Bond "This Certifies that S. Glaser & Sons, Inc. is obligated to pay to "pursuant to the authority granted to it under its certificate of incorporation, the sum of Five Hundred ($500.00) Dollars in legal tender Twenty (20) years from the date hereof. The payee mentioned herein or his heirs, administrators, executors or assigns, shall receive interest on the principal at the rate of Eight (8%) per centum per annum, provided, however, that the Board of Directors of S. Glaser & Sons, Inc. shall pass a resolution at a duly and legally convened meeting that the company has for any current year earned sufficient monies to pay said interest. The action of the Board of Directors of the company with reference to whether the company has earned sufficient monies with which to pay said interest shall be final and absolute. "The interest payable under this instrument is non-cumulative and shall not be due and owing to the payee, or payable by the company, except for the particular year or years mentioned in a *242 resolution passed by the Board of Directors as aforesaid. "In the event of liquidation of S. Glaser & Sons, Inc. voluntary or involuntary, all creditors of the company shall be preferred to this debenture to the end that this debenture and similar ones issued by the company shall be prior only to common or preferred stock issued by the company. "The company may retire and redeem this debenture upon Ninety (90) days notice to the holder, either in whole or in part. "WITNESS the seal of the corporation and the signature of its duly authorized officers." "DATED: / Secretary 19 / President The holders of the so-called debenture bonds and the dates of their issuance are as follows: Samuel
Joseph S.
Jacob
Meyer
Date
Glaser
Glaser
Glaser
Glaser
December 1938
$12,500
$12,500
$12,500
$12,500
April 1940
4,000
4,000
4,000
4,000
$16,500
$16,500
$16,500
$16,500
The respondent disallowed as a deduction from the petitioner's gross income the sum of $5,280 paid to the holders of the "debenture bonds" and claimed to be deductible as interest thereon. Such sum was not a repayment of principal. Opinion VAN FOSSAN, Judge: The question before us *243 is whether the instrument called a debenture bond is in fact a bond or other evidence of indebtedness or is a certificate of stock. In the former event the interest paid thereon by the petitioner is deductible, while, in the latter, the payments constituted dividends and are not deductible. The decision of an issue of this character rests upon all the facts in each specific case. ; ; , affirming . No testimony was offered relating to the intent of the corporation and its debenture holders when the relationship was created. See . Therefore, we are limited solely to the terms of the instrument. The name by which an instrument is denominated is not conclusive of its character ( , but that name is not "lightly to be assumed" *244 to be erroneous, , affirmed . The bond contains the following features: a positive obligation to pay; a definite date of payment; a definite interest rate; upon liquidation the preference of the bonds over stock but inferior to claims of general creditors; non-cumulative interest; interest payable from earnings but only upon the declaration of the directors that such earnings are sufficient to pay the interest; a provision for redemption; and the use of the words "debenture bonds" and "interest in the body of the bond. We note also the absence of the following characteristics of stock; the right to participate in the management, through voting power; the lack of risk of the amount of the obligation; the right to share proportionately in all profits; and a proportionate share in the net assets upon liquidation. See Law of Federal Income Taxation by Mertens, paragraph 26.10, and the numerous cases cited therein. The factor tending to show that the debenture bond was in realify stock on which respondent chiefly relies is the fact that interest thereon was to be paid only *245 in case the company had sufficient earnings with which to pay it. The function of the board of directors in this connection was not to declare a dividend but only to certify that such funds were sufficient for the purposes set forth in the bond. However, in , the Circuit Court of Appeals for the First Circuit, affirming our memorandum opinion of December 2, 1942, held that the feature that interest was to be paid annually to the extent of the available net earnings did not prevent the instrument from being a debenture. See also ; . Upon examining the instrument before us and testing its constituent elements by the various standards set up by this and other courts in the many cases involving this problem, we find that the evidences that the "debenture bond" issued by the petitioner constituted an evidence of its indebtedness and was not a certificate of stock outweigh the contrary factors. In our opinion the instrument was truly a debenture, evidencing a debt. Therefore, the payments *246 to the holders thereof were payments of interest and are deductible. Decision will be entered under Rule 50.